UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:10-CR-00007

UNITED STATES OF AMERICA            PLAINTIFF

VS.

JASON MATTHEW GATEWOOD            DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 – Possession with Intent to Distribute Marijuana

Count 1 of the Indictment charges the Defendant, Jason Matthew Gatewood, with possession with intent to distribute marijuana, a Schedule I controlled substance, on or about November 6, 2009, in the Western District of Kentucky. Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly or intentionally possessed marijuana; and

**Second,** that the defendant possessed marijuana with the intent to distribute it.

In order to establish "possession," the government must prove that the defendant had direct, physical control over the marijuana, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the drugs, and knew that he did, for your find him guilty of this crime. This, or course, is all for you to decide.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.



If you find the defendant not guilty of possession with intent to distribute, or if you are otherwise unable to reach a verdict on the possession with intent to distribute charge, then you must determine whether you believe beyond a reasonable doubt that the defendant violated Title 21, United States Code, § 844, which makes it a federal crime for anyone to possess a controlled substance. For you to find a defendant guilty of possession of a controlled substance you must be convinced that the government has proved the following element beyond a reasonable doubt:

1) that the defendant knowingly or willfully possessed marijuana, a controlled substance.

If you are convinced that the government has proved this element say so by returning a guilty verdict for this offense. If you have a reasonable doubt about this element, then you must find the defendant not guilty of this offense.



# INSTRUCTION NO. 2

**Count 2 – Carrying a Firearm During and in Relation to a Drug Trafficking Crime**

Count 2 of the Indictment charges the Defendant, Jason Matthew Gatewood, with violating federal law by carrying a firearm during and in relation to a drug trafficking crime on or about November 6, 2009, in the Western District of Kentucky.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the defendant committed the crime charged in Count 1, a drug trafficking crime, by knowingly or intentionally possessing marijuana with the intent to distribute it.

**Second**, that the defendant knowingly carried a firearm; and

**Third**, that the carrying of the firearm was during and in relation to the crime charged in Count 1.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

"Carrying" a firearm includes carrying it on or about one's person. "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies including in the glove compartment or trunk.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1. In other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.



# INSTRUCTION NO. 3

## Count 3 – Possession of Firearm by Convicted Felon

Title 18, United States Code, Section 922(g), makes it a federal crime for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce. In Count 3 of the Indictment, the Defendant, Jason M. Gatewood, is charged with violating this law on or about November 6, 2009, in the Western District of Kentucky.

For you to find the defendant guilty of this offense, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the defendant has been convicted of a crime punishable by imprisonment for more than one year, i.e., a felony offense. The government and the defendant have agreed that defendant has previously been convicted of a felony offense;

**Second,** that the defendant, following his conviction, knowingly possessed a firearm specified in the Indictment; and

**Third**, that the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

It is not a defense to the charged offense that the defendant was ignorant of his disqualification from owning or possessing a firearm. All that is necessary is that he knew he possessed a firearm.

If you are convinced that the government has proved all the elements say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of

9



these elements, then you must find the defendant not guilty of the charge.



# INSTRUCTION NO. 4

You have heard testimony that the parties have stipulated that Mr. Gatewood has previously been convicted of a felony offense. A person with a felony conviction may not lawfully possess a firearm as discussed in these instructions. The only reason the prior felony conviction was brought to your attention was for purposes of Count 3 of the Indictment. You must not consider it for any other purpose or as evidence that he is guilty of Count 1 or Count 2.

Remember that Mr. Gatewood is only on trial for the particular crimes charged in the indictment, not for his prior acts. Your job is limited to deciding whether the government has proved the crimes charged beyond a reasonable doubt. Do not return a guilty verdict unless the government proves the crimes charged beyond a reasonable doubt.



# INSTRUCTION NO. 5

The word "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The word "intentionally" means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.



# INSTRUCTION NO. 6

Next, I want to explain something about possession. The government does not necessarily have to prove that the Defendant physically possessed the marijuana or firearm. The law recognizes two kinds of possession — actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the Defendant had direct, physical control over these items, and knew that he had control of them.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over these items, and knew that he had this right, and that he intended to exercise physical control over the items at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

One more thing about possession. The government does not have to prove that the Defendant was the only one who had possession of these items. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present where something is located or being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the marijuana or firearm and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.



# INSTRUCTION NO. 7

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



# INSTRUCTION NO. 8

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.



## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you



think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may



send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

