UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JASON M. GATEWOOD                                            MOVANT/DEFENDANT

v.                                              CRIMINAL ACTION NO. 1:10-CR-7-JHM-1

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

This matter is before the Court upon a *pro se* motion by Movant/Defendant Jason M. Gatewood to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 121).

I.

Gatewood filed the motion that is now before the Court in the Sixth Circuit Court of Appeals (DN 122, No. 17-6252). Because Gatewood had filed previous motions pursuant to § 2255, the Sixth Circuit construed the motion as one seeking authorization pursuant to 28 U.S.C. § 2244 for the district court to consider the instant § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(a) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). However, the Sixth Circuit denied the motion because Gatewood did not make a prima facie showing that his proposed § 2255 motion rests on any new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or upon any new facts that establish his actual innocence (DN 124) (citing 28 U.S.C. § 2255(h)).

Because the Sixth Circuit denied Gatewood's motion seeking authorization for the district court to consider the second or successive § 2255 motion, the Court must deny the instant motion for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147(2007) (noting lack of

jurisdiction to consider a second or successive habeas corpus petition without approval by the circuit court).

Accordingly, the Court will dismiss the motion by separate Order.

II.

In the event that Gatewood appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: February 14, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Movant/Defendant, *pro se*
    U.S. Attorney
4414.011